**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:  Kathleen M. Lincoln | : | NO. 22-10798-elf |
| Debtor, | : | |
| | : | |
| | : | CHAPTER 7 |

### DEBTORS' ANSWER/OBJECTION TO APPLICATION OF ROBERT HOLBER CHAPTER 7 TRUSTEE TO EMPLOY STAR REAL ESTATE GROUP

The Debtor, Kathleen M. Lincoln, through Nathan Snyder, Esquire, files an Answer in opposition, to, and objecting to, the application to employ Star Real Estate Group and avers, as follows:

1. Denied. Denied as conclusions of law to which no responsive pleading is required. To the extent an Answer is required, Debtor, after reasonable investigation lacks knowledge or information sufficient to form a belief regarding the truth of the averments and the same are therefore denied and strict proof of these averments is demanded at trial.

2. Admitted.

3. Admitted in part. Denied in part. It is admitted that a hearing was held on May 4, 2022, however, it was continued until June 22, 2022, at 8:30 am. The remaining averments are admitted. Strict proof of the denied averments, to the extent relevant, are demanded at trial.

4. Denied. Denied as conclusions of law to which no responsive pleading is required. To the extent an Answer is required, Debtor, after reasonable investigation, lacks knowledge or information sufficient to form a belief regarding the truth of the averments and the same are therefore denied and strict proof of these averments is demanded at trial.

5. Denied. Denied as conclusions of law to which no responsive pleading is required. To the extent am Answer is required, Debtor, after reasonable investigation, lacks knowledge or information sufficient to form a belief regarding the truth of the averments and the same are therefore denied and strict proof of these averments is demanded at trial. By way of further answer, an appraisal was to be conducted by the trustee to determine if the property has value to the Debtor's estate and said appraisal has not occurred and this application is premature.

6. Denied. Denied as conclusions of law to which no responsive pleading is required, and strict proof of these averments is demanded at trial. By way of further answer, it is impossible to know the actual value to the Debtor's estate without the appraisal the trustee said would occur and has not taken place.

7-9. Denied. Denied as conclusions of law to which no responsive pleading is required. Strict proof of these averments is demanded at trial.

10. Denied. Denied as conclusions of law to which no responsive pleading is required, and strict proof of these averments is demanded at trial. By way of further answer, the proposed agreement speaks for itself.

      11-12. Denied. Denied as conclusions of law to which no responsive pleading is required, and strict proof of the averments in these paragraphs is demanded at trial.

      13. Denied. Denied as conclusions of law to which no responsive pleading is required, and strict proof of these averments is demanded at trial. By way of further answer, the proposed agreement speaks for itself.

      14-18. Denied. Denied as a conclusion of law to which no responsive pleading is required. Strict proof of these averments is demanded at trial.

      **WHEREFORE,** Debtor requests that the Application be denied.

      **Respectfully Submitted,**

**Date**  May 24, 2022      /s/**Nathan Snyder, Esquire**
      **NATHAN SNYDER, ESQUIRE**
      **COUNSEL FOR DEBTOR**